**LAFINNE MEREDITH, Plaintiff**

**v.**

**DICK TULUTULU KOKO and MEMBERS OF HIS FAMILY, Defendants.**

High Court of American Samoa
Trial Division

CA No. 47-95

August 2, 1995

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Ellen A. Ryan
 For Defendants, Afoa L. Su`esu`e Lutu

Order Staying Action Until Filing of Certificate of Irreconcilable Dispute and Transferring Action to Land and Title Division:

On April 24, 1995, pursuant to A.S.C.A. §§ 43.1402 and 43.1405(4), plaintiff commenced this action for summary proceedings to repossess land in the Trial Division, alleging that defendants were trespassing on her individually owned land. On May 3, 1995, defendants answered, alleging that the land was communal land of their family. This defense necessarily placed ownership of the land at issue. Other than continuances, the action next came regularly before the court for trial on August 1, 1995.

At the onset, the court raised the fundamental issue of jurisdiction on its own motion. With title to the land at issue, the court expressed the view that this action on the merits became a controversy relating to land under the exclusive jurisdiction of the Land and Titles Division. A.S.C.A. § 3.0208(b)(2). The court also took the position that the defendants' claim of communal land, even though in defense, invoked the prerequisite filing of a certificate of irreconcilable dispute issued by the Secretary of Samoan Affairs or his deputy as an additional jurisdictional requirement. A.S.C.A. § 43.0302(a). Lastly, the court proposed to follow the procedural precedent of staying the proceedings, pending completion of the dispute resolution process before the Secretary of Samoan Affairs. *See Tupua v. Faleafine*, 5 A.S.R.2d 131, 132-133 (Land & Titles Div. 1987).

The parties did not interject any viewpoint contrary to the court's opinions. Accordingly, for good cause shown:

ORDER

1. This action is referred to the Secretary of Samoan Affairs for completion of the administrative dispute resolution proceedings under A.S.C.A. § 43.0302(a). The parties shall participate in those proceedings.

2. Further proceedings on the merits in this action are stayed, pending completion of the administrative dispute resolution process and until a

certificate of irreconcilable dispute, issued by the Secretary of Samoan Affairs or his deputy, is filed in this action.

3. In order to maintain the status quo with respect to use of the land at issue, the parties shall not enlarge or modify the nature of the present activities carried out on the land, or take any other action materially changing or otherwise affecting those activities or the land.

4. This action is transferred to the Land and Titles Division for all further proceedings.

5. The Clerk of Courts shall deliver a certified copy of this order to the Secretary of Samoan Affairs.

It is so ordered.